# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—MAY TERM, 1902.

### City of Pekin v. Barbara Egger.

1. PRACTICE—*Special Findings of an Evidentiary Fact.*—It is not error for the court to refuse a special finding of an evidentiary fact. It is only ultimate facts, controlling the verdict, that parties have the right to have contained in special verdicts.

Action of Case.—Damage by reason of a change of grade of a street. Appeal from the Circuit Court of Tazewell County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

CHARLES SCHAEFER, city attorney, and PRETTYMAN & VELDE, attorneys for appellant.

WILLIAM A. POTTS and W. R. CURRAN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

By the second count of appellee's declaration against appellant, upon which alone the cause was tried, it is charged, in substance, that appellee was then and had been the owner and in possession of lot 30, Maple addition to the city of Pekin, since 1877, and had built two houses thereon, one of which she occupied as her dwelling and homestead, and the other she rented to tenants, and there was also upon the lot fruit and shade trees and ornamental

(546)

shrubs; a street called Park avenue is located on the south, and Ninth street on the east of the lot, being the only public streets bordering upon the property; when the houses were built, they were constructed to conform to the natural grade of the streets at that time; that after twenty years of occupancy with the streets in the condition described, appellant changed and raised the grade of the streets in front of her house six feet higher than the original or natural grade as it existed when the houses were built, which was done by the erection of an embankment along the south front of the premises, whereby the same were rendered inaccessible, and of less value than they were before. General issue was interposed, and the issue thus formed was tried by a jury, resulting in a verdict for $500 damages against appellant, and the court, after having overruled the motion for a new trial, gave judgment for that sum against appellant, to reverse which it prosecutes this appeal; and for reasons for such reversal it is argued that the verdict is contrary to the law and the evidence of the case, the court erred in its rulings upon the evidence and the instructions to the jury, in refusing to require the jury to answer a specific interrogatory requested to be submitted to them, and that the damages are excessive.

Counsel for appellant having urged no reason in their argument against the ruling of the court upon the instructions, we consider they have abandoned that assigned error. The special interrogatory refused by the court was to the effect whether the center of Park avenue in front of plaintiff's lot had been raised by the grading and curbing, and if so, how much, on an average, in feet and inches. This we think was but calling for an evidentiary fact, and it has been often held it is not error for the court to refuse a special finding of that nature. It is only ultimate facts, controlling the verdict, that parties have the right to have contained in special verdicts. The authorities are so numerous and familiar upon this point as to need no citation. Had the special interrogatory before us been deprived of the direction to the jury to find the height of the grade

in feet and inches, it might be contended with reason that the remainder would reach an ultimate fact; but even then it would be tantamount to the general verdict, for. if the grade was not heightened there is no claim that appellee was entitled to the verdict. Besides, as we conceive, there is no contention that the grade was not raised—only that appellee was not damaged thereby, or if so, such damages were not recoverable; hence we are of the opinion the evidence did not require the submission of such part of the interrogatory as would have been proper, had it been stripped of its objectionable parts.

There was contrarious evidence concerning the height of the grade or embankment constructed by appellant in the street in front of appellee's premises. The jury saw and heard the witnesses and it is their province to decide where the credit and weight of the evidence should be accorded. Besides, the jury in this case had a double advantage in that they were also, by consent of the parties, permitted to examine the premises, and thus saw the grade or embankment, and doubtless from their own inspection of it estimated its height and the effect of its construction upon appellee's premises. The same condition of evidence exists as to the damages to the lot, as we have pointed out in respect to the height of the grade; some of the witnesses testifying that the premises were benefited far beyond all damages sustained to the lot. Besides the oral evidence of the witnesses in respect to the damages and the jury's view of the premises, photographs of the grade were also introduced in evidence, and from these we gather some notions of the impressions likely and reasonably to have been made upon the minds of the jury, in respect to the grade and its effect upon the value of appellee's premises, and we are compelled to say that we do not feel justified or warranted in disturbing the verdict because it is unsupported by the evidence, or that the damages are excessive. We are of the opinion that the jury were well warranted by the facts in returning the verdict they did. It is, however, insisted that the verdict is against the law

City of Pekin v. Egger.

of the case, and in support of this point it is argued that the city authorities had the right to improve the streets, and that the owners of property take their title subject to such right.   As an abstract question the proposition is probably beyond dispute; but when the city undertakes, as in this case, to change the natural surface comprising the streets by erecting a fill, so that the surrounding property is obstructed and its value lessened, a very different question arises.   We do not think the numerous cases cited by counsel for appellant  have any application to the question here presented, and no necessary purpose would be subserved by extending the length of this opinion in reviewing them.   It is for the present case, we think, a sufficient statement to dispose of it, to say that the elementary principle that private property shall not in any case be damaged for the public use without just compensation, has full and just application. Indeed it seems useless, and to an extent almost pedantry, to cite authorities upon what we regard so elementary.   If it was in the power of the city to establish the grade or embankment in this case without liability therefor, then there is no limit to which it might go and claim immunity from all damages to private property, even to the total destruction of its value.   We can not believe the law ever contemplated vesting so arbitrary a power in municipal authorities—so capable of oppression and wrong to private persons.

We have examined the complaints of counsel in respect to the rulings of the court upon the evidence in the case, and without extending the length of this opinion in the discussion of questions of little importance and less merit, we are content to say that none of the rulings of the court upon the admission or rejection of the evidence contain prejudicial error.

The judgment of the Circuit Court will be affirmed.