### City of Charleston v. A. J. Newman et al.

1. STREETS—*right of action for change of grade.* A person whose property has been injured by virtue of a change of the grade of a street upon which it is located, is entitled to recover the depreciation in the market value.

2. OBJECTION—*when not sufficiently specific.* It is not sufficient for counsel to advise the court that he will object to a given line of testimony, for no proper exception could be alleged or saved to the action of the court upon such a challenge.

3. TITLE—*when proof of, sufficient.* In an action against a party who does not claim title, proof of title to real estate is sufficiently established by the introduction of a deed conveying to the plaintiff the premises in question accompanied by evidence of continuous possession under such deed, claiming to own such property.

Action for damages to real property. Appeal from the Circuit Court of Coles county; the Hon. L. C. HENLEY, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

JOHN FAVORITE and A. J. FRYER, for appellant.

VOIGT & BENNETT, for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

A. J. Newman and Rose A. Newman, claiming to be the owners of two lots in the city of Charleston, in Coles county, brought suit in the Circuit Court of that county to recover for damages alleged to have resulted from an excavation, by said city, of a street which ran along the front of said premises; that such excava-

tion lowered said street in front of said premises to a depth of about four feet below what its level had formerly been, and that by reason thereof the right of ingress and egress was materially impaired; that some trees standing upon said premises were damaged, and the value of said premises reduced. Upon a trial of said cause the jury returned a verdict in favor of the Newmans in the sum of $375. Judgment was rendered upon the verdict and the city appealed.

Since the adoption of our present constitution giving a right of action where private property has been *damaged* for public use, the rule has become firmly established that if a city makes an improvement in a street which of itself works an injury to private property, the city is liable in damages, and if no special tax upon the property is involved, the measure of such damages is the depreciation in the market value of the property affected. City of Bloomington v. Pollock, 141 Ill. 346; City of Joliet v. Blower, 155 Ill. 416.

This doctrine is in no way disputed by the decision in City of Chicago v. Spoor, 190 Ill. 340, cited by appellant. In the latter case the court say that a right of recovery exists if the owner of the lots suffers some physical disturbance of a right which he enjoys in connection with his property and which gives it an additional value, and expressly recognizes access to the property affected as a physical right which may be so disturbed.

That there was a marked depreciation in the value of the property involved, effected by the change in the grade of the street, seems to have been well established by the evidence. The grade in the street running along the premises of appellees for about 280 feet, was cut down or lowered about three or four feet, which materially affected their ingress and egress, as well when on foot as when driving. Under such condition, it was entirely competent to show the depreciation in the value of the property, *i. e.,* to show how

much less, if any, the property was worth immediately after the improvement was made, than it was just before. Twenty-three witnesses testified upon this subject, whose estimates varied all the way from nothing to one thousand dollars. It was the province of the jury to say from all these various estimates what the depreciation really was. This they have done, and in fixing appellees' damage at $375 they seem to have been fully justified by the evidence.

Appellant contends that there was no sufficient evidence in the case showing that the work complained of was done by the authority of the city, and insists that it was essential to a recovery to show that an ordinance had been passed by the city council authorizing the improvement. It appears, however, that one W. B. Watson, who was city engineer for the appellant, testified that "The improvement was made under authority of the city of Charleston;" to the introduction of that testimony the city offered no objection whatever. If appellant then thought, as it now contends, that no recovery could be had in the absence of an ordinance, objection should have been made upon that ground, but as that was not done, the evidence given was sufficient to show that the work done was the work of the city.

Nor was there any sufficient objection made to the evidence as offered in relation to the cutting of the roots of the trees growing upon the margin of the lots. It was not sufficient for counsel merely to advise the court that he would object to a given line of testimony, for no proper exception could be alleged or saved to the action of the court upon such a challenge. It is essential to a preservation of the force of an objection that it be made after a question is stated and an exception saved to the adverse action of the court.

Upon the trial appellees offered in evidence a warranty deed made to them by one Joseph Peyton, for the premises involved, on the twenty-second day of

July, 1892, and gave evidence, undisputed, to the effect that they had been in continuous possession of said premises, claiming to be the owners thereof, from sometime in 1893, and had paid the taxes thereon, up to the time of the trial in 1905. This clearly was sufficient title to enable them to maintain suit for an injury to the premises against one who, himself, asserted no title to the premises. Davis v. Easley, 13 Ill. 196; Gordon v. Dickison, 131 Ill. 141-144.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*