AMANDA L. SHRADER, Appellee, vs. THE CLEVELAND, CIN-
CINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY,
Appellant.

*Opinion filed October 26, 1909—Rehearing denied Dec. 9, 1909.*

1. MUNICIPAL CORPORATIONS—*a city may change grade of a
street—right of abutting owner to damages.* A city or village may,
in its discretion, make any reasonable change in the grade of a
street, and its act is not wrongful even though private property is
thereby damaged; but any change which obstructs access to such
property is a damage, for which the owner is entitled to compen-
sation under the constitution.

2. SAME—*city may lawfully authorize railroad to be built in a
street.* A city or village may lawfully authorize a railroad com-
pany to build its track in a public street, but the company is liable
to adjoining owners for the damages occasioned by any direct
physical obstruction or injury to their right to the use or enjoy-
ment of their property by which they sustain some pecuniary dam-
age in excess of that sustained by the public generally.

3. RAILROADS—*when company is liable for damage to lot from
building viaduct approaches.* Where the privilege of crossing a
street is given to a railroad company by a city upon condition that
it shall build a viaduct and approaches, the facts that the ap-
proaches are built at a grade established by the ordinance and
that the ordinance authorized the building of such approaches do
not relieve the company from liability for damage to an adjoin-
ing lot, caused by earth washing from the approaches onto the lot
and obstructing access to the lot and the flow of water therefrom.
(*Culbertson & Blair Provision Co.* v. *Chicago,* 111 Ill. 651, dis-
tinguished.)

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit
Court of Lawrence county; the Hon. J. R. CREIGHTON,
Judge, presiding.

The appellee recovered a judgment against appellant for
$500 damages to real estate. The Appellate Court affirmed
the judgment, and the defendant appealed to this court,
having obtained a certificate of importance.

The appellee was the owner of a lot, on which she resided, in the village of St. Francisville, bounded on the north by Clark street and on the west by Eleventh street. It was nearly level and drained west across Eleventh street through a tile placed in the street for that purpose. The appellant's railroad track is a few feet west of and nearly parallel with Eleventh street, crossing Clark street west of the appellee's lot in a cut about fifteen feet deep. On February 12, 1907, an ordinance of the village was passed granting to the Cairo, Vincennes and Chicago Railway Company, under which the appellant claims, permission to construct, maintain and operate its railroad over certain streets and alleys of the village, upon the express condition, among other things, that it should erect and permanently maintain a viaduct or overhead bridge, and the approaches thereto, over its track on Clark street, provided the village should first establish the grade of said street on both sides of appellant's right of way at a sufficient elevation to permit the construction of said viaduct or overhead bridge with a vertical clearance of twenty-one feet above the top of the rails of the track. The ordinance further provided that the grade of the street at each end of the bridge should be coincident with the ends of that structure, and should be reduced one foot in twelve until the existing grade of the street was reached, and appellant was authorized to construct the approaches to the bridge on the grade so established. The ordinance required the payment of $500 by the appellant to the village, and contained provisions releasing the appellant from any liability in respect to other crossings. The appellant accepted the ordinance, paid the $500 and otherwise complied with the terms of the ordinance. Approaches to the bridge from both Clark street and Eleventh street were constructed by appellant of earth, extending entirely along the sides of appellee's lot, leaving a space between the lot and the embankment. The tile across Eleventh street was removed and no way was

provided for the flow of water from the lot. Later the earth washed down against the fence and into the lot, and there was evidence that access to the lot and the flow of water from it were obstructed and the lot thereby damaged.

JAMES VAUSE, JR., (L. J. HACKNEY, F. L. LITTLETON, CONGER & CONGER, and GEE & BARNES, of counsel,) for appellant.

GEORGE P. RAMSEY, GEORGE W. LACKEY, and W. S. WILHITE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

That appellee's lot was damaged by the change in the grade of the streets is not denied, but it is claimed by appellant that the village alone, and not the appellant, is liable for such damages. The village had the right to change the grade of the streets in its discretion, subject only to the qualification that such grade was not so wholly unreasonable as to render the ordinance fixing it void. Its act in doing so was not wrongful, though it damaged the appellee's lot. The appellee, however, was entitled to compensation for such damage. Any change in the grade of a street whereby access to private property is obstructed is a damage to such property, for which the owner, under the constitution, is entitled to compensation. (*City of Chicago* v. *Jackson,* 196 Ill. 496; *City of Chicago* v. *Lonergan,* id. 518.) A city or village may rightfully authorize a railroad company to occupy and use a public street with its railroad track. (*Summerfield* v. *City of Chicago,* 197 Ill. 270; *Ligare* v. *City of Chicago,* 139 id. 46; *Stack* v. *City of East St. Louis,* 85 id. 377; *City of Olney* v. *Wharf,* 115 id. 519; *Stone* v. *Fairbury, Pontiac and Northwestern Railroad Co.* 68 id. 394; *Murphy* v. *City of Chicago,* 29 id. 279.) Such use is consistent with the trust upon which the streets are held by the municipality and is not a diversion of them

from their legitimate purpose, which is for the passage of persons and property. The railroad company is, however, held liable to adjoining property owners for the damages occasioned by any direct physical obstruction or injury to their right of use or enjoyment of their property by which they sustain some pecuniary damage in excess of that sustained by the public generally. *Stone* v. *Fairbury, Pontiac and Northwestern Railroad Co. supra; Chicago and Western Indiana Railroad Co.* v. *Ayres,* 106 Ill. 511; *Rigney* v. *City of Chicago,* 102 id. 64; *Penn Mutual Life Ins. Co.* v. *Heiss,* 141 id. 35.

An effort is made to distinguish this case from the case in which a railroad company, acting under the authority of a municipal ordinance, has constructed its road in a public street and has thereby damaged adjoining property. It is said that no damage was caused by the building of the railroad, but that, if there was any damage, it resulted from the change in the grade of the street; that the village had the right to change the grade to carry it over the railroad on the bridge, and if it did so, either by itself or another, it alone is responsible for the damages. In fact, however, the work done in these streets was done by the appellant for its own benefit, and we know of no reason why the liability of the appellant should be different from what it would be if rails were to be laid along the grade instead of under it. In both cases the work is lawfully done, under authority of a municipal ordinance, for the benefit of the company, to enable it to lay its tracks through the village, and to comply with the requirements of the ordinance. While the grade was established by the village and it was liable for any damage caused to abutting property by the change, it was the crossing of the street by the railroad which made the change of grade necessary to the accommodation and protection of persons using the street. It was in order that the company might have the privilege of crossing the street that it was required to erect the approaches so as to restore

the street to a condition which would be safe for public travel and would not unnecessarily impair its usefulness. While the approaches to the viaduct were no part of the railroad, their construction by the company was made necessary by the construction of the railroad under the ordinance. The fact that the appellant had the lawful right to do the work in the manner it did does not relieve it from liability to pay for the damage done to private property by the work. Neither the municipality nor the legislature could authorize appellant to damage private property without paying for it. Appellee's claim did not rest upon the ground that appellant's action was wrongful, but on the ground that the damage to her property, though caused by lawful authority, must be paid for.

The case of *Culbertson & Blair Provision Co.* v. *City of Chicago,* 111 Ill. 651, is regarded by the appellant as controlling here. In that case the city built the viaduct. The Pennsylvania Company contributed $14,000 toward the expenses of construction, with the stipulation that the viaduct should be built under the joint superintendence of the department of public works and the engineer of the company. The railroad had already been built. The city determined to erect a viaduct over the tracks, provided the railroad company would agree to pay $14,000 of the cost. The city, and not the railroad company, was the moving party. The viaduct was a public improvement. It was constructed in the interest of the public and not in the interest of the railroad company, though the latter probably was benefited. It was held that the city might lawfully construct the viaduct, and the contribution of the Pennsylvania Company to its cost did not make it liable for the damages caused by its construction; that a private donation to a public improvement does not change the character of the work as a public improvement in any degree, even though private parties are benefited. Here, however, the railroad company did the work for its own benefit, to enable it to

comply with the requirements for crossing the street, and is liable for the damages caused by its work. The case of *Tinker* v. *City of Rockford*, 137 Ill. 123, refers only to the liability of the city, and not to that of the railroad company. The case of *Uline* v. *Railroad Co.* 101 N. Y. 98, holds that a railroad company which, by authority from a city, had raised the grade of a street to carry it over the company's tracks is not liable for damages to an abutting property owner because of the change in grade, for the reason that the city could have raised the grade of the street without liability to adjoining owners, and could, therefore, authorize the railroad company to do so without such liability. This reason does not exist in this State and we do not agree with the conclusion.

It is argued that both counts of the declaration are bad; that neither states facts showing any duty on the part of the defendant, and that every averment may be true and still the improvement have been lawfully made. The declaration avers appellee's ownership of a lot at Eleventh and Clark streets, defendant's erection of a bridge over its tracks at Clark street, and of high, narrow and steep approaches on Clark street and Eleventh street, which obstruct access to her lot and the flow of water from it. The duty not to damage appellee's property by the erection thus placed in the street arose from these facts, and exists even though the improvement was lawfully made.

Appellee's instructions 1, 3 and 4 are objected to. The first tells the jury that in the construction of the approaches across a natural drain the appellant was bound to construct culverts through the embankment. The appellant objects to the use of the word "culvert." Where the openings are referred to later in the instruction they are called drains or channels. The term used in indicating what openings should have been made in the embankment is unimportant, as the evidence is that none were left. What has already

been said disposes of the objections to the third and fourth instructions adversely to appellant's contention.

Objections were made and overruled to questions asked several witnesses in regard to the damages. The objections should have been sustained. There was, however, evidence as to the value of the property and its depreciation which sustains the verdict, and we do not regard the errors in the admission of evidence of such importance as to require a reversal of the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*