Julia Chapman, Appellee, v. City of Staunton, Appellant.

EMINENT DOMAIN—*when city liable for changing grade of street; when not.* A city or village may, in its discretion, make any reasonable change in the grade of a street, and its act is not wrongful even though private property is thereby damaged; but any change which obstructs access to such property is a damage for which the owner is entitled to compensation under the constitution.

Action in case. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed March 30, 1910.

TRUMAN A. SNELL, for appellant; PEEBLES & PEEBLES, of counsel.

EARLY & WILLIAMSON and J. S. CLARKE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by Julia Chapman against the city of Staunton. Trial by jury resulted in a verdict and judgment in favor of the plaintiff for $1,000, to reverse which this appeal is prosecuted by the defendant. The declaration upon which the case was tried, alleges that the plaintiff was the owner of a certain lot in the city of Staunton, having a frontage on Main street; that she erected a building upon said lot; that at that time the surface of the street in front of the premises was level, and 20 inches below the level of the first floor of the building; that the defendant caused a sidewalk, 34 inches higher than the natural grade of the street, to be constructed, thus raising the sidewalk 14 inches above the door sill of said building, and thereby interfering with the ingress to and egress from the building, from and to the street.

The evidence tends to show that in June, 1906, the plaintiff had erected her building some 20 inches higher than the natural grade of the street in front of her premises; that in August, 1907, the city constructed in front of her property a concrete sidewalk at a grade 14 inches higher than the first floor of said building, and that in order to get in the building it was necessary to step down from the sidewalk a distance of about 14 inches. The evidence further shows that the sidewalk was built under the direction of the city, upon a petition of certain property owners other than the plaintiff; that the cost of the same was borne equally by the property owners and the city; that no grade was fixed by the city for the walk, and that at the time the work was being done, the plaintiff protested against the sidewalk being built at the grade mentioned.

It is first urged that under the facts disclosed by the record, appellee has no right to recover. It has been

uniformly held by the courts of this state that a city or village may, in its discretion, make any reasonable change in the grade of a street, and its act is not wrongful even though private property is thereby damaged; but any change which obstructs access to such property is a damage,. for which the owner is entitled to compensation under the constitution. City v. Eaton, 83 Ill. 535; Rigney v. City, 102 Ill. 64; R. R. Co. v. Ayres, 106 Ill. 511; City v. Pollock, 141 Ill. 346; City v. Blower, 155 Ill. 411; City v. Jackson, 196 Ill. 496; City v. Lonergan, 196 Ill. 518; City v. Egger, 104 Ill. App. 546; Village v. Trah, 218 Ill. 516; Shrader v. Ry. Co., 242 Ill. 227. It is also well settled that one whose property is thus injured is entitled to compensation therefor to the difference between the fair cash market value of the property before such improvement and its fair cash market value thereafter. City v. Newman, 130 Ill. App. 6; City v. Pollock, *supra;* City v. Eaton, *supra.*

Counsel for appellant concede this to be the law, and that appellee would be entitled to recover any damages occasioned to the lot itself by reason of the change of grade, but seem to insist that where no grade has been established by a municipality, an abutting property owner who locates a building on such property cannot recover damages occasioned by interference with the ingress and egress to and from such building alone, but can only recover for damages occasioned to the lot itself. We are of opinion that an owner of the land has the right to use and improve it in any manner he desires so long as he does not contravene any existing law; that where no grade has been established, the property owner has a right, acting in good faith, to improve the same by erecting a building or buildings, at any grade he may elect, in reasonable conformity to the natural surface of the ground, and that any damage resulting to the property as a whole, by reason of a change of the grade, may be recovered from the municipality making or authorizing such change.

It is also contended that the evidence fails to show affirmatively that the city authorized or consented to the laying of the sidewalk in question. There was ample affirmative evidence in the record to the effect that the sidewalk was constructed by or under the authority of the city. No controverting evidence was offered by it upon this issue. On the contrary it sought to show in defense of the action that the benefits accruing to the property by reason of the building of the sidewalk equaled any damage occasioned thereby.

It is further urged that the trial court erred in its rulings upon the instructions. The first instruction given for the plaintiff told the jury in substance that if they believed from the evidence that certain facts existed, the plaintiff was entitled to recover. It is insisted that such instructions were erroneous because they did not require the jury to find such facts from a preponderance of the evidence. The criticism is without force. Belief of certain facts from the evidence necessarily implies that the greater weight thereof tended to establish them. The substance of the refused instructions offered by the defendant was fully covered by others given in its behalf.

We find no prejudicial error in the record, and the judgment is accordingly affirmed.

*Affirmed.*