### J. W. Carnahan, Administrator, Appellee, v. City of Paris, Appellant.

DAMAGES—*for changing grade of street.* An action against a municipality lies for damages arising from changing the grade of a public street which results in injury to the means of ingress and egress.

Action in case. Appeal from the Circuit Court of Edgar county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

F. C. VAN SELLAR, for appellant.

WILBUR H. HICKMAN, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action for damages alleged to have been caused to the plaintiff's property by reason of a change in the grade of Campbell street in the city of Paris, in front of the plaintiff's premises. The trial in the Circuit Court resulted in a judgment in favor of the plaintiff for $160. It does not appear from the abstract of the record why the suit was brought by the plaintiff in a representative capacity.

The evidence shows that he was the owner of two lots fronting upon Campbell street, upon which, within eight or ten feet of the street line, was located a dwelling house; that the natural grade of the street was

such that the front of said property was practically on a level therewith, and that ready access was had to and from the premises; that the city contracted with a construction company for the widening, grading and improvement of Campbell street; that said construction company in grading such street, excavated in front of the plaintiff's property to the depth of from three to five feet, thus rendering access to and from the same more difficult.   Under this state of facts it is well settled that the plaintiff was entitled to recover any damages sustained by him by reason of the change in the grade of the street (City v. Spoor, 190 Ill. 340; I. C. R. R. Co. v. Trustees of Schools, 212 Ill. 406), and that such damages are the difference in the fair cash market value of the property immediately before the excavating was done and immediately thereafter.   City v. Newman, 130 Ill. App. 6.

It is first complained that there was a failure to connect the city with the work by any proper evidence. It was shown by the evidence of one Hogue, a member of the contracting company who did the work, that the city authorized and paid for the excavation in question.   It is also contended that the witnesses offered by the plaintiff were permitted to testify as to value without first qualifying.   We think that the knowledge and experience of each of said witnesses was sufficient to warrant the court in permitting them to testify upon the issue.   In determining the weight to be given to their testimony, the jury had a right to take into consideration the extent of their knowledge and experience.   It is further contended that the damages allowed are. excessive.   We are of opinion that while the evidence was somewhat conflicting, there was ample to warrant the amount of the verdict returned. Furthermore, the jury viewed the premises, and because of their opportunities for correctly estimating the relative benefits and damages, their findings upon such questions are entitled to great weight.

There is no substantial error in the record. The judgment is warranted by the law and the evidence, and is affirmed.

*Affirmed.*