## SOUTHERN RY. CO. et al. v. PERFECTION LAUNDRY CO.
### No. 5459.

Circuit Court of Appeals, Fifth Circuit.

February 14, 1930.

Horace C. Wilkinson, of Birmingham, Ala. (Frank A. Wilkinson, of Birmingham, Ala., on the brief), for appellants.

W. H. Sadler, Jr., of Birmingham, Ala. (Nesbit & Sadler, of Birmingham, Ala., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and CLAYTON, District Judge.[1]

BRYAN, Circuit Judge. This is an appeal by several railroad companies from a judgment for the damage which was done to appellee's property as a result of the construction of a viaduct in and over Twenty-Fourth street in the city of Birmingham. The appeal is taken on the ground that no cause of action was alleged or proved against appellants, but that only the city, which was not sued, could be held liable to appellee for the damage to its property.

Appellee's property abutted on that part of the street over which the viaduct was built. The viaduct was constructed for the purpose of eliminating a grade crossing at the intersection of the street with the main lines and a large number of side tracks of appellants; and it was conceded that the elimination of the grade crossing was for the mutual benefit of the city and of appellants. It was constructed under a contract ratified by city ordinance, whereby the city contributed 35 per cent. of the cost and supervised the work, and appellants contributed 65 per cent. of the cost and let the contract for erecting it. The city agreed that it would not permit the viaduct to be used for street cars.

The common-law rule that a city is not liable for changing or authorizing a change in the grade of its streets, except for negligence or lack of skill, does not now prevail in Alabama. City Council of Montgomery v. Maddox, 89 Ala. 181, 7 So. 433. The State Constitution by section 235 provides: "Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction."

One whose property is injured may waive the failure of the party liable to make compensation before injury, and sue for dam-

[1] Judge CLAYTON agreed to the disposition that is now being made of this case, but died before this opinion was written.

ages. Highland Ave. & B. R. Co. v. Matthews, 99 Ala. 24, 10 So. 267, 14 L. R. A. 462. Decisions which hold that a municipality alone is liable for the acts of its contractors or agents in changing the grade of a street for purposes of its own are inapplicable to the facts of this case. The relation that existed between the city of Birmingham and appellants was not that of owner and contractor or of principal and agent. As clearly appears from the facts, appellants contributed nearly twice as much as did the city toward the cost of the viaduct, and placed a limitation upon the use of it. Nor was the viaduct built merely for the purpose of enabling the city to change the grade of the street, but the necessity for it arose principally because of the existence of the railroad tracks. In jurisdictions where liability exists for changing the grade of streets, a railroad company and a municipal corporation which join in the construction of a viaduct for the purpose of eliminating a grade crossing for the benefit of both, are jointly and severally liable for the damage done to abutting property. 13 R. C. L. 100; Walters v. B. & O. R. R. Co., 120 Md. 644, 88 A. 47, 46 L. R. A. (N. S.) 1128; Shrader v. Cleveland, etc., Co., 242 Ill. 227, 89 N. E. 997, 26 L. R. A. (N. S.) 226, and note; Bennett v. Winston-Salem Ry. Co., 170 N. C. 389, 87 S. E. 133, L. R. A. 1916D, 1074.

The judgment is affirmed.