This action was brought to recover damages for injury to the plaintiff's premises, situated on Poplar (or Charles) Street, by the improper construction of a granolithic sidewalk in front of the same. The plaintiff, after alleging the incorporation of the defendant as a town, with the usual powers to open and improve its streets, avers that, "in the year 1890 the plaintiff, having due regard to the long established and existing grade of Charles (or Poplar) Street, erected upon his lot a residence, at great cost to himself, and at additional great cost constructed drain pipes, Or conduits, for delivering the surface or rain water from his residence and lot into the side drain of said street; that said pipes, (121) or conduits, were sufficient to keep his lot well drained and his home free from dampness." He further alleges, substantially, that the defendant constructed a sidewalk in front of his lot without exercising proper care or caution, and contrary to the plan, specifications, and recommendations of its own engineer, which it had formally adopted for grading and improving its streets, and against the plaintiff's protest, and without regard to the injurious effects which it was easily able to foresee, and that the defendant thereby impaired and obstructed the said drain pipes', or conduits, and his right of ingress and egress with respect to his said lot and his residence thereon, and that he was thus deprived of the free use and enjoyment of his property. The plaintiff more particularly alleges that the defendant "unlawfully, wantonly, carelessly, negligently, unskillfully, improperly, and incautiously caused earth to be piled in front of his property, the entire front of his said lot, to a depth of from 14 to 18 inches, upon which it unlawfully, wantonly, carelessly, negligently, unskillfully, improperly, and incautiously constructed a so-called sidewalk of cement and stone, called granolithic, which is 18 inches in height and forms an obstruction to his ingress to and egress from said dwelling-house and lot, and also left the mouth or place of discharge for said drain pipes 18 inches below said embankment, thereby causing said drainage or surface water to dam or pond upon plaintiff's yard, thus rendering plaintiff's lot less healthy and less desirable as a place of residence." And, further, that the defendant did, "arbitrarily and capriciously and unjustly, without notice to the plaintiff and in disregard of the law of the land, deprive and disseize the *Page 91 
plaintiff of his property by building said obstruction of earth, cement, and rock in front of his said lot, and prevent his free access to and egress from said house and lot, destroying his long established drainage." There are other allegations in the complaint of substantially the same nature, but it is unnecessary to set them forth. The plaintiff, having alleged that he had been damaged in the sum of $1,250, (122) prayed judgment for that amount.
The defendant filed a demurrer to the complaint, the material parts of which are as follows: That the plaintiff has failed to allege "(1) that he has any right or easement to discharge the surface or rain water from his premises through drain pipes, or conduits, to the street drain, or that it was the natural drainage of plaintiff's land; (2) that the defendant has done any act or thing except to raise the grade of the sidewalk on the street in front of plaintiff's residence and construct thereon (a pavement), a duty required to be performed by the defendant in such manner as it might deem best for the interest of the community, and that all the injuries of which plaintiff complains result from the fact of such grade being raised, and not from the manner of doing the work; (3) in what respect defendant was negligent, careless, wanton, or unskillful, or in what respect it improperly, incautiously, or unlawfully caused to be performed the work complained of; nor is there in the complaint any allegation of any injury resulting to plaintiff from any cause other than raising the grade of the sidewalk, which was a matter resting in the discretion of the defendant." The other grounds of demurrer are mentioned in the opinion of the Court.
From the judgment of the court overruling the demurrer the defendant appealed.
After stating the case: The law requires that we shall construe a pleading liberally for the purpose of determining its effect, with a view to substantial justice between the parties. Revisal, sec. 495. The plaintiff has alleged that the defendant, by its commissioners, has raised the sidewalk in front of his house 18 inches, and that this was done in such a negligent and unskillful manner as to obstruct (123) access to his premises and egress therefrom, and, further, that it was done unlawfully and wantonly. The plaintiff has the right of ingress to and egress from his lot, subject to the right of the town to grade and repair the street, provided it is done in a careful manner. If, on the contrary, the town, in the exercise of its authority to grade the street, including the sidewalk, proceeded with the work in a negligent *Page 92 
and unskillful way, by reason of which the plaintiff's property was injured, he is entitled to recover damages for the injury, simply because the town did not act in pursuance of its rightful authority to change the grade of the street, but exceeded it when it did the work in a negligent and unskillful manner. The law, in conferring the power to alter or change the grade of the streets, impliedly annexed as a condition that it should be carefully done, so as not to injure the property of private owners of lots. Whatever may be the law in other jurisdictions, the principle we have just stated has been firmly established by numerous decisions of this Court. The very question was considered and decided in Meares v. Wilmington, 31 N.C. 73, in which it was intimated that if the defendant had caused the grading to be done with ordinary skill and caution by erecting retaining walls to prevent any caving in of the plaintiff's lot, so that the damage, if any, would have resulted, not from negligence, but merely from the fact that, by reason of the grading, the lot was left higher above the level of the street, and so was more difficult of access, and therefore less valuable, the plaintiff would have been without remedy; for, as it was lawful for the defendants to do the work, If itwas done in the proper manner, although the plaintiff was damaged thereby, it would be damnum absque injuria, and consequently give no cause of action, as to hold the defendant liable for exercising in a proper manner lawful authority vested in it by the sovereign, for the convenience of the public, would seem to involve an absurdity. And (124) so, if a lot is left too low by reason of grading the street, which is carefully done, the owner must submit to the inconvenience, under the elementary principle that individual interests must give way to the public convenience, which results from the ancient maxim that regard for the public welfare is the highest law, and, therefore, assent is implied on the part of every member of society that his own welfare shall, in cases of necessity yield to that of the community in which he lives, and that any injury to his property committed lawfully in promotion of the public welfare is one of those incidental burdens to which all property in every civilized community is subject. Broom's Legal Maxims (6 Am. Ed.), p. 2 et seq. But this does not mean that he must make an unnecessary personal sacrifice for the public good. If any work of public improvement can be carefully done without detriment to the owner of property, and it is negligently performed, so as to injure the same, he is entitled to compensation, for then the local authorities have abused their power and committed a wrong as against them. They are protected by the law against suit only so far as they proceed in the discharge of their duty within the limits of the law. In this case the plaintiff alleges that the work was not carefully done, and that consequently his property was injured by obstructing his right of ingress and egress. This entitles him *Page 93 
to sue and recover damages for the tort. Meares v. Wilmington, supra;Wright v. Wilmington, 92 N.C. 156; Wolf v. Pearson, 114 N.C. 621;Bunch v. Edenton, 90 N.C. 431; Dillon Mun. Corp. (4 Ed.), secs. 966, 967, 968. In Jones on Negligence of Mun. Corporations, sec. 146, the doctrine is thus concisely stated: "While municipal corporations act in their judicial and governmental capacity in grading the public streets, they are yet bound, in the performance of their work, to exercise care not to injure others. They should consider the public interests upon the questions that come before them for decision as governmental bodies, and if any individual suffers damage because of their (125) decision or because of the lawful work that they do, he has no remedy, unless it be given him by statute. But his rights must be respected by the municipality, and if it trespasses upon his property, or if he is injured by its negligence in the doing of the work or by the negligent way in which the work is left, he may recover the damage he has suffered." A distinction between a duty which is legislative or discretionary and one which is ministerial, with respect to the liability of a municipality in case of a breach of either, was considered by us inHull v. Roxboro, 142 N.C. 453. The duty to repair streets and keep them in good condition is ministerial, and when the servants of the corporation undertake to perform this duty they must exercise reasonable care, or the corporation will become liable for any injury to the owners of abutting property which is caused by their negligence. The subject is fully discussed and the conclusion of the courts stated in 2 Smith Mun. Corp., secs. 1206, 1207, and 1208. See, also, Hitchcock v. Mayor, 68 Md. 100;Barton v. Syracuse, 36 N.Y. 54; Rowe v. Portsmouth, 56 N. H., 291.
We think the allegations of negligence in this case are sufficient as against a demurrer. The general rule is that if there is any cause of action stated in the complaint, however inartificially expressed, the demurrer will be overruled. Blackmore v. Winders, 144 N.C. 212; Caho v.R. R., ante, 20. If the defendant desired a more certain and definite statement of the alleged negligence in order that it might know the precise nature of the charge, and so that its answer might be fully responsive to the complaint, the proper remedy was by motion, under Revisal, secs. 496, 509. See Allen v. R. R., 120 N.C. 548; R. R. v. Main. 132 N.C. 445.
The other grounds of demurrer are not tenable. The corporate (126) character of the defendant, its powers and its duties with reference to the opening, improvement, and repair of streets, appear from its charter, which is referred to in the complaint, and we think it is sufficiently alleged that the commissioners, although designated as "so-called," were acting under and by virtue of authority from the defendant.
We will not now consider the question as to the plaintiff's right to *Page 94 
discharge the surface water from his hot through drains, or conduits, into the side drains of the street, as the facts do not fully appear. Whether he has that right is too serious a question to be decided upon the meager statement of facts before us.
The judgment of the court overruling the demurrer is approved, and the defendant will be allowed to answer or to proceed as it may be advised.
Affirmed.
Cited: Dorsey v. Henderson, 148 N.C. 425; Quantz v. Concord,150 N.C. 539; Harper v. Lenoir, 152 N.C. 726; Jeffress v. Greenville,154 N.C. 500; Earnhardt v. Comrs., 157 N.C. 236; Hoyle v. Hickory,164 N.C. 82; Wood v. Land Co., 165 N.C. 369; Lyon v. R. R., ib., 148; Hoyle v. Hickory, 167 N.C. 621; Bennett v. R. R., 170 N.C. 391.