GEORGE T. WOOD ET AL. v. DUKE LAND AND IMPROVEMENT COMPANY.

(Filed 15 April, 1914.)

Municipal Corporations — Cities and Towns — Judicial Powers — Street Grading—Abutting Owner—Procurement of Ordinance.

Unless the Constitution or some statutory regulation otherwise provides, an abutting owner may not recover damages to his property caused by changing the grading of an established street, when such change is made pursuant to proper municipal authority and there is no negligence in the method or manner of doing the work; nor can an action for damages be maintained by one abutting owner on the street against another, upon the ground

·.   that the defendant procured the municipality to change the
grade when such change was done in a manner to relieve the
municipality from liability.· *Brown v. Electric Co.*, 138 N. C.,
535, cited and distinguished.

APPEAL by plaintiff from *Devin, J.,* at September Term,
1913, of DURHAM.

Civil action to recover damages for ·changing grade of street.

There was evidence on part of plaintiff tending to show that,
in 1912, plaintiff was the owner of a house and lot in the city
of Durham, abutting on New Street in said city, the house
being situated about 10 feet from the line and 4 feet above the
grade line of the street; that this New Street was an established
street in the city of Durham, having a recognized grade line,
and plaintiff had turfed the slope down to the street and had a
fairly good driveway ·at the side, permitting the entry of
vehicles, etc., into his yard; that, in the fall of said year, de-
fendant company had cut down the grade of said street to the
depth of 3 additional feet, leaving his house 7 feet or more
above the street, rendering. access to same much more difficult,
temporarily shutting off the entrance of vehicles, causing some
of the turfing to fall and entailing an expense of $300 and more
in the reasonable effort to make the approaches to his home de-
sirable or even practicable.

On the part of defendant company it was shown that the
grading in question was done pursuant to a resolution formally
passed by the city government of Durham having authoritative
control of the matter; that the present grade line was estab-
lished. and the work done under the direction of the city
engineer having the matter in charge under like authority, and
although defendant had been active in the effort to have the
resolution passed, and, owning property on the street which
would be benefited, had agreed to bear half the expense of the
improvement, yet the work was done, as stated, entirely under
the authority conferred by the city, under the direction of the
city engineer, for the public benefit, and that the street which
.before that time was an unpaved street and hardly passable in
wet weather, was now, and by reason of this improvement, a

desirable and attractive thoroughfare, affording the only pass-way for the public between Carr and Warren streets, both well populated for a distance of 1,200 feet. There was evidence, further, on part of defendant, tending to show that the value of plaintiff's lot had been much enhanced by reason of such improvement.

At the close of the testimony, on motions duly entered, there was judgment of nonsuit, and plaintiff excepted and appealed.

*B. S. Skinner and Manning, Kitchin & Everett for plaintiff. Fuller & Reade for defendant.*

HOKE, J., after stating the case: It is well established in this State, and very generally held elsewhere, that, unless the Constitution or some statutory regulation otherwise provides, an abutting owner may not recover for damages to his property caused by changing the grade of an established street when such change is done pursuant to proper municipal authority and there is no negligence in the method or manner of doing the work. *Harper v. Lenoir,* 152 N. C., 723; *Dorsey v. Henderson,* 148 N. C., 423; *Jones v. Henderson,* 147 N. C., 120; *Wolf v. Pearson,* 114 N. C., 621; *Meares v. Wilmington,* 31 N. C., 73; McQuillan on Municipal Corporations, sec. 1975.

The position referred to is usually made to rest upon the theory that any and all changes of this character are supposed to have been allowed for or released at the time of the original dedication of the street, and an abutting owner acquires and improves his property with full notice that such change may be made. Nichols on Power Eminent Domain, secs. 81, 82, 83; Lewis on Eminent Domain (3 Ed.), sec. 134.

In Nichols, *supra,* after laying down the rule that "when a highway is raised or lowered in grade so that it may be made safer or more convenient for travel, the owner is not entitled to compensation," the author says: "The true reason for the rule, stated in the heading of this chapter, is that when a highway is laid out the easement taken includes the right to grade and

165—24

construct the highway *then* or at any future time, in such manner as the public authorities may deem conducive to safe and convenient traveling."

And in Lewis on Eminent Domain, *supra,* it is said, among other things, that "When a street or highway is laid out, compensation is given once for all, not only for the land taken, but for damages which may, at any time, be occasioned by adapting the surface of the street, to the public needs."

The authorities on the subject are also to the effect that this power to further grade and improve the streets is a continuing one, to be exercised in the legal discretion of the municipal government whenever the public good may require it. *Dorsey v. Henderson, supra; Jones v. Henderson, supra; Meade v. Portland,* 200 U. S., 148; *Gosler v. Georgetown,* 19 U. S., 593; *Galt v. Chicago,* 174 Ill., 605; *Estes v. Owen,* 90 Mo., 113; *McCormack v. Patchen,* 53 Mo., 33; 1 Elliott on Streets and Roads (3 Ed.), sec. 551. And although a legal discretion, one that may not be interfered with by the courts, except in cases of manifest and gross abuse. *Luther v. Commissioners,* 164 N. C., 241; *Rosenthal v. Goldsboro,* 149 N. C., 134; *Small v. Edenton,* 146 N. C., 527; *Broadnax v. Groom,* 64 N. C., 244.

On the facts presented in the record, the principles announced and sustained by these authorities are in full support of his Honor's ruling in directing that a nonsuit be entered. While the testimony shows that defendant company was active in procuring the order for lowering the grade, and received some benefit from it, this was only as another abutting owner, and it also appears that the charge was made under authority regularly conferred by the city government, and the work was done under the immediate direction of the city engineer, or certainly in accordance with a survey and plans supplied by him, and there is no allegation nor proof that there was any negligence in the plan or execution of the work. The case is thus brought directly within the decision of *Wolf v. Pearson,* 114 N. C., 621. In that case the defendant, without procuring authority, had lowered the grade of the street, causing damage to plaintiff, an abutting owner, and was protected by reason of a resolution of

WOOD *v.* LAND CO.

the board of aldermen, subsequently made, going much further than is required to uphold the decision in the present case.

It is urged for plaintiff that his cause comes rather under the decision of *Brown v. Electric Co.,* 138 N. C., 535; but we may not concur in this view. That case was made to rest chiefly on the position that notwithstanding a previous dedication and use as a public street, an abutting owner continued to have a proprietary interest in a shade tree standing on or near his sidewalk, and affording shade and shelter to his lot, which the law would protect and which could not be taken from him without compensation except when required by the public interests. It was accordingly held that a resolution and ordinance of a municipal board, by which it was attempted to confer authority on a private company to cut down such a tree without making compensation and for its own interest would afford no protection to the company; a principle reaffirmed and applied in the recent case of *Moore v. Power Co.,* 163 N. C., 300. But, in the case before us, the defendant company, acting, as we have seen, under authority of the city regularly conferred to that end, violated no right of plaintiff in lowering the street to the required grade. They were, as agents of the city, only doing a lawful thing in a lawful way, and if harm came to plaintiff's property under such circumstance, it must be considered as *damnum absque injuria* and giving him no legal right to redress. *White v. Kincaid,* 149 N. C., 415; *Thomason v. R. R.* (plaintiff's appeal), 142 N. C., 318; *Oglesby v. Attwell,* 105 U. S., 605; *Transportation Co. v. Chicago,* 199 U. S., 605.

There is no error, and the judgment of nonsuit is
Affirmed.