OLLIE HOYLE ET AL. v. CITY OF HICKORY.

(Filed 16 December, 1914.)

1. Municipal Corporations — Cities and Towns — Discretionary Powers — Streets and Sidewalks — Negligent Construction — Damages—Constitutional Law—Taking of Private Property.

   A city is not liable to owners of lands abutting upon the street for any detriment to their property resulting from the grading of the street, done in the discretionary power of the city in making needed improvements, unless the damage done thereto resulted from a negligent grading of the street, or the State has given its consent by statute. The principles upon which this doctrine rests discussed by WALKER, J., and differentiated from those applying to the taking of private property for public use without just compensation.

2. Municipal Corporations—Cities and Towns—Streets and Sidewalks—Negligence—Witness, Nonexpert—Evidence—Maps—Measure of Damages.

   Where damages are sought by the owner of lands adjoining a street of a city or town, alleged to have been caused by the negligent construction of the street by the city authorities, evidence of its negligent construction is not confined to the testimony of experts, for such construction may be shown by other witnesses in plaintiff's behalf, using photographs of the locality in explanation and illustration of the testimony, so as to give the jury a better idea as to whether or not damages had been caused, or as to their extent.

3. Municipal Corporations—Cities and Towns—Streets and Sidewalks—Negligent Construction—Measure of Damages.

   Upon an issue as to the amount of damages sustained by the plaintiff to his lands abutting a city street, alleged to have been caused by the negligent construction of the street by the city authorities, it is competent for the plaintiff to show the cost of restoring his lot to its former condition and value, the jury to give the evidence such weight as they think proper.

APPEAL by defendant from *Webb., J.,* at February Term, 1914, of CATAWBA.

This case was before us a year ago, and was then decided in favor of the defendant to the extent of granting a new trial. The action was

brought to recover damages for negligently constructing a fill in front of plaintiff's home on Ninth Street in the said city, for the purpose of grading and improving that thoroughfare. The allegation is that the fill left the plaintiff's lot far below the level of the street. It was below before the street was graded, but the depth had been increased, so that the lot was greatly damaged and its value impaired by the flow of the surface water from the street, with dirt and silt. The other facts appear in the case, on former appeal, as reported in 164 N. C., 79, where the *Chief Justice* wrote the opinion for this Court, settling about all of the legal questions involved. The case was sent back for another trial, in order that it might be determined by the verdict of the jury, upon the evidence, whether plaintiff had agreed to dispense with the erection of a retaining wall, and also because of the admission of improper evidence. It was also suggested that a separate issue be submitted as to the cutting down of the tree of which plaintiffs complained as a part of the wrong committed by defendant. Issues were submitted to the jury, and they rendered the following verdict:

1. Did defendant, in raising, grading, and permanently improving Ninth Avenue in front of the house and lot of the plaintiffs, raise, grade, and improve said street at said place in a negligent and improper manner? Answer: "Yes."

2. If so, was plaintiffs' property injured thereby? Answer: "Yes."

3. What damages are plaintiffs entitled to recover? Answer: "$478."

4. Did defendant cut down and destroy the tree in question on plaintiffs' property? Answer: "Yes."

5. If so, what damage did plaintiffs sustain by reason of such cutting of the tree? Answer: "$22.40."

Judgment was entered thereon and defendant appealed.

*W. A. Self and W. C. Feimster for plaintiffs.*
*A. A. Whitener for defendant.*

WALKER, J., after stating the case: It was decided in the former appeal that, while plaintiffs could not recover for any detriment to their property which was the result merely of the proper grading of the street, which had been done in the due exercise of the discretionary power of the city to make needed improvements, it being *damnum absque injuria,* yet they could recover for any damage done thereto which was caused by a negligent grading of the street, following the principle as adopted in numerous decisions of this Court. *Meares v. Wilmington,* 31 N. C., 73; *Salisbury v. R. R.,* 91 N. C., 490; *Wright v. Wilmington,* 92 N. C., 160; *Tate v. Greensboro,* 114 N. C., 397.; *Brown v. Electric Co.,* 138 N. C., 537; *Ward v. Comrs.,* 146 N. C., 538; *Small v. Edenton, ibid.,* 527;

*Jones v. Henderson,* 147 N. C., 120; *Dorsey v. Henderson,* 148 N. C., 429; *Harper v. Lenoir,* 152 N. C., 723. To which may be added *Jeffress v. Greenville,* 154 N. C., 490; 4 McQuillin on Mun. Corp., p. 4220, and 2 Dillon on Mun. Corp., sec. 1040, and there is a long line of authorities which uniformly sustain the doctrine, so that it may now be considered as no longer open to question.

Where there is no negligence, no liability arises. This, we said in *Dorsey v. Henderson, supra,* has been the law since the days of *Chief Justice Kenyon* and *Justice Buller. Governor, etc., Manufacturers, v. Meredith,* 4 Durnf. and East, 794, 796; *Sutton v. Clark,* 6 Taunton, 28; *Boulton v. Crowther,* 2 Barn. and Creswell, 703. This doctrine is almost universally accepted by the State courts of this country. Cooley Const. Lim., p. 542, and notes. The same principle was also recognized in *Transportation Co. v. Chicago,* 99 U. S., 635, and *Smith v. Corp. of Washington,* 20 Howard, 135, and as understood in that Court may be thus stated: The doctrine, however it may at times appear to be at variance with natural justice, rests upon the soundest legal reason. The State holds its highways in trust for the public. Improvements made by its direction or by its authority are its acts, and the ultimate responsibility, of course, should rest upon it. But it is the prerogative of the State to be exempt from coercion by suit, except by its own consent. This prerogative would amount to nothing if it did not protect the agents for improving highways which the State is compelled to employ. The remedy, therefore, for a consequential injury resulting from the State's action through its agents, if there be any, must be that, and that only, which the Legislature shall give. It does not exist at common law. The decisions to which we have referred were made in view of *Magna Carta,* and the restriction to be found in the Constitution of every State, that private property shall not be taken for public use without just compensation being made. But acts done in the proper exercise of governmental powers, and not directly encroaching upon private property, though their consequences may impair its use, are universally held not to be a taking within the meaning of the constitutional provision. They do not entitle the owner of such property to compensation from the State or its agents, or give him any right of action. This is supported by an immense weight of authority. But where negligence exists in doing the municipal work, the rule is otherwise, and the corporation becomes liable in damage.

The jury have found the facts against the defendant, and there is ample evidence to support the verdict. The plaintiff could show the negligence by other than expert testimony. The jury were not bound to believe, nor to adopt, the views of the experts, nor were they con-

cluded thereby, as to whether the work had been negligently done. "For any inconvenience or damage sustained by the plaintiffs' lot from placing the fill in the street opposite thereto under the advice and supervision of the civil engineer, whose plans were approved by the city authorities acting in good faith, the plaintiffs cannot recover unless the work was done negligently. It is *damnum absque injuria."* This was decided on the former appeal, but the question of negligence was expressly left open for the decision of the jury. It was also there said: "If there was no such agreement, the plaintiffs were entitled to have the jury consider the damage, if any, caused by defendant's negligence in not erecting a retaining wall to prevent the dirt from rolling down upon the lot of the plaintiffs." Judging from the photograph exhibited to us at the hearing, we think the jury might well have found that there had been negligence. The photograph itself was competent, as explanatory of the other testimony. *Davis v. R. R.,* 136 N. C., 116; *Pickett v. R. R.,* 153 N. C., 149. If the lot continued to be washed by the surface water, which piled the dirt up in the yard, even near unto the door of the house, it was competent to be shown by witnesses, with the aid of the picture, reproducing exactly the true situation. Cases *supra.* It might be impossible to illustrate it or to give the jury a correct idea of the damage, if any, in any other way. The evidence as to the cutting of the tree and the damage caused thereby was competent. *Brown v. Electric Co.,* 138 N. C., 537; *Foy v. Winston,* 126 N. C., 381; *Norfolk v. Philadelphia,* 16 A. and E. Anno. Cases, 430, and note. We think it was clearly competent to show the cost of restoring the lot to its former condition and value. How better could the extent of the damage be shown? The jury were not bound by the calculation or figures, but could consider them and give them such weight as they thought was proper.

There are other exceptions which are not tenable, and if there was any error in these rulings, it is not reversible, not being prejudicial. The main question was as to the negligence. There being evidence of it, the jury were the judges of the facts.

No error.