E. N. STAMEY v. THE TOWN OF BURNSVILLE, NORTH CAROLINA.

(Filed 24 January, 1925.)

1. **Municipal Corporations—Cities and Towns—Condemnation—Special Benefits—Offsets—Statutes.**

It is within the legislative power to allow an incorporated town the value of the special benefits of a street improvement to the owner of land abutting thereon, in proceedings by the town to condemn a part thereof for the purpose of widening its streets, and in the absence of statute to that effect such benefits are not allowable.

2. **Same—Negligence—Damages.**

Where an incorporated town is allowed by statute to take by condemnation the lands of abutting owners along a street improved, the town is liable to the owner for such damages to his land so taken as is caused by its negligent construction of the improvements so made, though not such as may be caused by a construction of the improvements in a careful and workmanlike manner. The charge in this case is not *held* as prejudicial error.

APPEAL by defendant from *Finley, J.,* and a jury, at March Term, 1924, of YANCEY.

This is an action brought by the plaintiff to recover damages of the defendant by reason of the construction of a concrete sidewalk in front of plaintiff's property, which was a town lot in the town of Burnsville, North Carolina. It was contended by the plaintiff that a small strip of his land in front of his house and lying alongside of the public street had been taken. This strip of land was 3½ feet wide at one end and 2½ feet wide at the other, and was 96.4 feet long, making an area of 284.4 square feet taken by the town of Burnsville upon which it constructed its said sidewalk.

The defendant made numerous exceptions and assignments of error and from judgment rendered, excepted, assigned error and appealed to the Supreme Court.

*Charles Hutchins for plaintiff.*
*Watson, Hudgins, Watson & Fouts for defendant.*

CLARKSON, J. We will consider only the assignments of error we think material. The court below charged the jury as follows: "In the first place, if the defendant town has built a sidewalk and the sidewalk improves the condition of the public all along the street at this point the plaintiff is not chargeable with any general improvement by reason of the sidewalk being built, because that improvement applies to everybody and there being no special provisions in the charter of the town of Burnsville or in the general law that has been offered or referred to, authorizing these special benefits to be charged up against any damage the plaintiff might sustain, [then you cannot take into consideration any benefit that has been done the plaintiff by reason of the sidewalk being built along the street]."

To the latter part of the charge, in brackets, defendant excepted and assigned error.

It seems that no provision is made in the town charter of the defendant to allow general benefits assessed, the language shows clearly the court was speaking of general benefits, as a set-off against damages for property taken for street improvements. The right of condemnation for towns and cities is provided under public act. C. S., 2791, 2792.

C. S., 2792 is as follows: "If such governing body, board, commission or department of the government of such city are unable to agree with the owners thereof for the purchase of such land, right of way, privilege, or easement, for the purposes mentioned in the preceding section, condemnation of the same for such public use may be made in the same procedure as is provided in chapter Eminent Domain, article 2; and the determination of the governing body, board, commission, or department of government of such city of the land necessary for such purposes shall be conclusive."

Under Eminent Domain, Art. 2, sec. 1721, the latter part of the section, provides that the commissioners, "a majority of them all being present and acting, shall ascertain and determine the compensation which ought justly to be made by the corporation to the party or parties owning or interested in the real estate appraised by them."

The Legislature has the power to allow municipal corporations to have the general benefits assessed as offsets against damages in an action to acquire land for a public purpose. *Wade v. Highway Com.*, 188 N. C., 210; *Miller v. Asheville,* 112 N. C., 768. There is no power or authority given defendant of this kind either by special charter or general State act.

In *Lanier v. Greenville,* 174 N. C., p. 317, *Allen, J.,* said: "Counsel for the defendant have presented respectable authority supporting the principle embraced in his prayer for instruction and in opposition to the instruction given by his Honor, but we have adhered to the rule, in line with the weight of authority, that in the assessment of damages for land taken for a public improvement, the measure of damages is the difference in value before and after the taking, less the special benefits, and that increased value to the land enjoyed in common with others affected by the improvement is not a special benefit. The question was considered at the last term in *Campbell v. Comrs.,* 173 N. C., 500, in which, after laying down the rule that special benefits are those not common to others, *Clark, C. J.,* says: 'This is the rule laid down in *Bauman v. Ross,* 167 U. S., 548 (17 Sup. Ct., 966; 42 L. Ed., 270), in an exhaustive opinion, and the same rule has been applied in this State. *Asheville v. Johnston,* 71 N. C., 398; *R. R. v. Wicker,* 74 N. C., 220; *R. R. v. Platt Land,* 133 N. C., 266 (45 S. E., 589); *Bost v. Cabarrus,* 152 N. C., 531 (67 S. E., 1006); *R. R. v. Armfield,* 167 N. C., 464 (83 S. E., 809); also 2 Lewis on Em. Dom., 1187, par. 691.' We are less inclined to change the rule since it was held in *Miller v. Asheville,* 112 N. C., 768, that it was within the power of the General Assembly to provide by statute that the damages should be reduced 'not merely by the benefits special to the plaintiff, but by all the benefits accruing to him, either special or in common with others' (*Campbell v. Comrs.*), and the legislative body has declined to act." *Power Co. v. Russell,* 188 N. C., p. 725.

It seems to be the general rule in this jurisdiction that "the compensation which ought justly to be made," "just compensation," under our general statute is such compensation after special benefits peculiar to the land are set off against damages. "The value of the land subject to such special benefits as may accrue to the remainder of the tract." *R. R. v. Platt Land,* 133 N. C., p. 273. In a great many of the decisions of this State special statutes were construed which in express terms provided for the deduction of special benefits. These statutes were merely in affirmance of the "just compensation" rule above mentioned.

Lewis Eminent Domain, Vol. 2 (3d ed.) part of sec. 694, states the rule as follows: "Owing to the variable decisions in regard to benefits as shown in the preceding sections, the only general rule which can be laid down where part of a tract is taken, is that the measure of damages consists of the value of the part taken and damages to the remainder, less such benefits, if any, as may be set off by the law of the forum. Many cases state the measure of damages to be the difference between the value of the whole tract before the taking and the value of the remainder after the taking. This, however, would permit the considera-

tion of benefits of every kind and should be qualified by excluding general benefits, in jurisdictions where only special benefits can be taken into account, and by excluding all benefits, where such is the law."

The charge on this aspect of the case, heretofore referred to, and the charge as given below, the latter part of which is only assigned as error, we think followed the rule laid down in this jurisdiction, and according to Lewis the charge below was more favorable than defendant was entitled to as it included general benefits. This assignment of error cannot be sustained.

The defendant assigned the latter part of the following charge of the court below as error: "The matter is confined to the conditions that existed there that are peculiar to the plaintiff. In other words, it is the difference between the value of this property before the sidewalk was built and after the sidewalk was built, taking into consideration the fact that the defendant, town, appropriates and condemns certain part of plaintiff's property, if you find that it did do it;—and further that you find this taking of this property by condemnation proceedings and building sidewalk in a negligent or improper manner, then you can take into consideration under this limitation what damage, if any, the plaintiff is entitled to recover—."

The defendant complains that this charge was very prejudicial, there being "no allegation in the complaint that the work of constructing the sidewalk was not done with proper care and skill."

After charging the jury as above set forth, the court further said: "In regard to the building of a sidewalk the general rule is that a city or town had a right to raise the grade or lower the grade of its streets in building its sidewalks and streets, that that is a judicial function; that the commissioners are authorized under the charter and under the general law to exercise discretion and that no damage can be recovered against the town for the proper exercise of this discretion. If the sidewalk has been raised four or five feet or lowered eight or ten feet along the street owned by the town, and nothing else appearing, and it has been done in a reasonably workmanlike manner, although the lot of the party aggrieved may be way down below the sidewalk or way above the sidewalk, in any instance that is not a case where the party aggrieved can recover damages because he owns the property subject to the rules of law that prevail, and the decisions of our courts have for a long time held that the town authorities in exercising in a proper way the powers vested in them to make proper streets and proper grades for sidewalks and streets, can do this without being held to damage provided it is done in a reasonably workmanlike manner. The only instance where a town is liable is where under the

exercise of rights and powers delegated to the town by the general law or special charter is where the work is done as a reasonable prudent man under the same circumstances would not have done. That is, the rule of reason applies to this as to all other matters. . . . Everyone who owns real estate in a city or town that adjoins a public street or pavement holds it subject to the right of the town to grade such street down, or elevate it when in the exercise of its judgment, of the authorities of the city it becomes necessary or feasible to do so, and where the grading is done under such conditions and is done properly, that is, when care and skill are used, with due regard to the rights of the property owners, then the law affords no protection to· property owners on account of injury to their property resulting from being left higher or lower than the street or because ingress or egress is affected or because of an injury to the appearance of the property. Now that applies to the question of the construction of a sidewalk. The question of taking and appropriating the land, if you find the town did appropriate it, is another question, and not included in the proposition of law as stated, at all. So you see under this ruling as to the construction of sidewalk the only question is whether it was done with care and skill and with due regards to the rights of the property owners."

Under our liberal practice; all the evidence of the contending parties having been introduced, no specific prayer being asked for by defendant, we cannot hold the charge prejudicial. This assignment of error cannot be sustained.

*Walker, J.,* in a well considered and an elaborate opinion, citing numerous cases and the reasons, lays down in *Bennett v. R. R.,* 170 N. C., p. 391, the rule to be: "It is well settled with us, and it is very generally held in other jurisdictions, that, unless otherwise provided by the Constitution or statute, the owner of property abutting on a street cannot recover for any damage to his property caused by a change in the grade of the street under proper municipal authority, where there is no negligence in the method or manner of doing the work."

The other exception and assignments of error we do not think of sufficient importance to discuss *seriatim,* or prejudicial to defendant. This particular case may be of considerable hardship to the defendant, as suggested by it, but the remedy is not with this Court.

It is, perhaps, not out of place, because of defendant's grievance at the amount of the verdict, to call attention to this language of *Justice H. G. Connor,* in *Railroad Co. v. Platt Land, supra,* p. 274: "We may not, listening to suggestions of the public necessity, forget that the most permanent and the wisest institutions of government are designed for the protection of private property and personal liberty. A citizen must surrender his private property in obedience to the necessities of a

growing and progressive State, but in doing so he is entitled to be paid full, fair and ample compensation, to be reduced only by such benefits as are special and peculiar to his land. He has the right to have and enjoy the general benefits which are common to him and to his neighbors, without being required to pay therefor because it so happens that the use of his land is necessary for the needs of the public."

For the reasons given, there is

No error.