B. E. SMITH AND WIFE, ELECTA C. SMITH v.
STATE HIGHWAY COMMISSION

(Filed 15 June 1962.)

**1. Highways § 1—**

The State Highway Commission is an agency of the State created for the purpose of constructing and maintaining our public highways.

**2. Eminent Domain § 2—**

When the work of changing the grade of an existing public highway is performed completely within the right of way, without allegation of negligence in the manner or method of doing the work, the fact that such change of grade results in a diminution of access to the owner of the fee of abutting property, who also owns the fee subject to the easement in a part of the highway, does not constitute a partial "taking" of the landowner's property, since the easement includes the right to change the grade of the highway as the public convenience and necessity may require and there is no statutory or constitutional provision in this State for the recovery of compensation in such instance.

APPEAL by respondent from *Shaw, J.*, 8 January 1962 Civil Term of GUILFORD—Greensboro Division.

Special proceeding instituted on 23 April 1957, before the clerk of the superior court of Guilford County, wherein petitioners seek to recover alleged damages by reason of respondent raising the grade in East Bessemer Avenue, thereby allegedly destroying for their abutting property ingress to and egress from East Bessemer Avenue.

Respondent filed an answer in which, *inter alia*, it alleged that the work it did on East Bessemer Avenue was done in its right of way and none on petitioners' property. It made a motion before the clerk that this plea in bar should be heard before Commissioners were appointed to assess damages. The clerk denied the motion.

The clerk then appointed Commissioners to assess damages and benefits. Damages were assessed at $5,000.00. The report of Commissioners was confirmed by the clerk, and judgment entered for petitioners in the sum of $5,000.00. Respondent appealed to the superior court.

When the appeal came on to be heard before Judge Shaw and a jury, the following facts appeared from the evidence and from stipulations by the parties:

Petitioners, subject to respondent's right of way, own in fee a lot or tract of land in the city of Greensboro, whose northern boundary is the center line of East Bessemer Avenue. In May 1955 the city of Greensboro, in the exercise of its right of eminent domain, acquired by gift, dedication and purchase a 100-foot right of way on Bessemer Avenue from Summit Avenue eastwardly to the city limits for street-widening purposes. This right of way passes directly in front of petitioners' realty. The parties stipulated that this right of way owned by the city of Greensboro was acquired by respondent, State Highway Commission.

The State Highway Commission in carrying out a plan for highway improvements, set forth in its Projects Nos. 5327 and 5363, and to facilitate the flow of highway traffic, constructed a bridge over what is now Highway #29. To reach this bridge from East Bessemer Avenue, which was an established highway, respondent constructed a fill for the purpose of raising the grade westwardly along East Bessemer Avenue in front of petitioners' property within the right of way owned by respondent.

The parties stipulated:

"The petition may be construed as referring to Project No. 5327 and Project No. 5363, being the projects of grading and paving separately numbered.

"All grading, filling, and paving, referred to in Projects Nos. 5327 and 5363, was done entirely within the limits of said right of way as described in the several right of way agreements mentioned and specifically referred to in paragraph 4 of this stipulation. The foregoing stipulation is made with the understanding that it does not preclude the parties from offering evidence tending to show the exact location of the toe of the slope, the top of the slope, and the physical properties of the construction placed within said right of way by the respondent."

This fill varies in height from the top of the fill to the toe of the fill. The height of the fill or embankment at the northwest corner and at the northwest line of petitioners' property is 6.1 feet, in the center of petitioners' property it is 8.5 feet, and to the east at the eastern line of petitioners' property it is 12.8 feet.

Petitioners' property was level with East Bessemer Avenue, which was an established highway, before the fill was built. The fill is such that vehicular traffic from petitioners' realty cannot use it to go up on the roadway of East Bessemer Avenue. In order for vehicular traffic to go up on the roadway of East Bessemer Avenue a ramp would have to be built, which would extend about 35 feet into petitioners' property at the northwest corner where the height of the fill is 6.1 feet, and it would have to extend about 46 feet onto petitioners' property at the northeast corner where the height of the fill is 12.8 feet. By reason of this petitioners' property has been damaged.

Petitioners' property fronts 141.48 feet on Headquarters Drive. Petitioners' property is level with Headquarters Drive, and it has access to it.

There is neither allegation nor proof that the alteration of the grade of the public highway in East Bessemer Avenue was not lawfully authorized, or that it was effected for other than legitimate highway purposes. Further, there is neither allegation nor proof that respondent in raising the grade of the highway did the work in a negligent, or unskillful, or incautious manner. Petitioners' evidence—respondent offered none—shows that respondent's completion of its projects Nos. 5327 and 5363 is of general benefit to the public.

The following issues were submitted to the jury, and answered as appears:

"1. Did defendant, North Carolina State Highway Commission take the property of the plaintiffs in the form of easements of ingress, egress and regress?
"ANSWER: Yes.

"2. What sum, if any, including interest from the taking August 8, 1955, are the plaintiffs entitled to recover?

"ANSWER: $6,925.00 including interest from August 8, 1955, to January 8, 1962."

From judgment on the verdict, respondent appeals.

*Attorney General T. W. Bruton, Assistant Attorney General Harrison Lewis, Trial Attorney Andrew McDaniel, and Hoyle, Boone, Dees and Johnson by T. C. Hoyle, Jr., for respondent appellant.*

*Jordan J. Frassinetti and Sapp and Sapp by Armistead W. Sapp for petitioner appellees.*

PARKER, J.  The State Highway Commission assigns as error the denial by the court of its motion for judgment of compulsory nonsuit made at the close of petitioners' evidence—the respondent offered no evidence. G.S. 1-183. In denying the motion the court committed reversible error.

The State Highway Commission is an unincorporated governmental agency of the State of North Carolina, charged with the duty of exercising certain administrative and governmental functions. *Williams v. Highway Commission,* 252 N.C. 772, 114 S.E. 2d 782; *McKinney v. Highway Commission,* 192 N.C. 670, 135 S.E. 772.

The powers and duties of the State Highway Commission are set forth in G.S. Ch. 136, Art. 2. It is the State agency created for the purpose of constructing and maintaining our public highways. *De Bruhl v. Highway Commission,* 245 N.C. 139, 95 S.E. 2d 553.

All the evidence shows the following: The State Highway Commission owns a 100-foot right of way on Bessemer Avenue from Summit Avenue eastwardly to the city limits of Greensboro, which right of way passes directly in front of petitioners' realty. Its complete right to occupy and use the entire surface of the land covered by its perpetual easement for all time to the exclusion of petitioners, their heirs, and assigns, makes the bare fee remaining at present in petitioners for all practical purposes of no value. *Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778. In East Bessemer Avenue respondent had an established highway, and acting with lawful authority vested in it by the General Assembly and for legitimate highway purposes, it, acting in a governmental capacity, raised the grade of the established highway in East Bessemer Avenue passing in front of petitioners' property so as to impair or destroy, unless ramps are built, petitioners' ingress to this public highway from their abutting land, and egress from this public highway to their abutting land. According to a stipulation of the parties all grading, filling, and paving by

respondent on East Bessemer Avenue in front of petitioners' abutting land was done entirely within the limits of its right of way. There is neither *allegata* nor *probata* that respondent ·did not do the work in a proper method or manner.

When a public highway is established, whether by dedication, by prescription, or by the exercise of eminent domain, the public easement thus acquired by a governmental agency includes the right to establish a grade in the first place, and to alter it at any future time, as the public necessity and convenience may require. Consequently, it is the rule with us, and very generally held elsewhere, that, unless otherwise provided by statute or constitutional provision, an abutting property owner, even if he owns the fee of the land within the highway, may not recover for damages to his land caused by a municipal corporation or the State Highway Commission changing the grade of an established street or highway, when said change is made pursuant to lawful authority and for a public purpose, and there is no negligence in the manner or method of doing the work. Any diminution of access by an abutting landowner is *damnum absque injuria*. *Thompson v. R. R.*, 248 N.C. 577, 104 S.E. 2d 181; *Jenkins v. Henderson*, 214 N.C. 244, 199 S.E. 37; *Calhoun v. Highway Commission*, 208 N.C. 424, 181 S.E. 271; *Stamey v. Burnsville*, 189 N.C. 39, 126 S.E. 103; *Bennett v. R. R.*, 170 N.C. 389, 87 S.E. 133, L.R.A. 1916D 1074; *Hoyle v. Hickory*, 167 N.C. 619, 83 S.E. 738; *Dorsey v. Henderson*, 148 N.C. 423, 62 S.E. 547; *Meares v. Wilmington*, 31 N.C. 73; 29 C.J.S., Eminent Domain, pp. 938-9; 18 Am. Jur., Eminent Domain, sec. 211; Nichols on Eminent Domain, 3d Ed., Vol. 2, sec. 6.4441, (1), (2), (3).

Nichols, *ibid*, p. 369 states:

> "Accordingly, there are few propositions better settled by the authorities than that an owner of land adjoining the highway and owning the fee of the way is not constitutionally entitled to compensation for injury resulting from a change in the grade. As serious injuries to lands adjoining public ways were inflicted by changes of grade in the early years of the last century, the question was thoroughly contested and conclusively settled before the modern theories extending municipal liability had been invented, and the old rule was then too well supported by authority to be shaken."

"Incidental interference with the abutting owner's easements of light, air, and access by reason of the change of grade does not entitle him to compensation, in the absence of a constitutional or statutory liability." 29 C.J.S., Eminent Domain, p. 939. See also Nichols, *ibid*, sec. 6.4441 (3).

"Where the change of grade of a highway causes damage to the land of an abutter it is not deemed a 'taking' in the constitutional sense so as to require compensation therefor as in eminent domain. This rule does not, however, apply to cases of partial takings, where damage to the remainder by reason of change of grade is involved, nor does it apply where the alteration in the grade is not lawfully authorized or is effected for other than legitimate street purposes." Nichols, *ibid.*, pp. 364-368. Numerous cases from the federal and state jurisdictions are cited in support of the text, including our cases of *Dorsey v. Henderson, supra; Harper v. Lenoir*, 152 N.C. 723, 68 S.E. 228; *Earnhardt v. Commissioners of Lexington*, 157 N.C. 234, 72 S.E. 864; *Hoyle v. Hickory*, 164 N.C. 79, 80 S.E. 254; *Wood v. Duke Land Co.*, 165 N.C. 367, 81 S.E. 422; *Hoyle v. Hickory*, 167 N.C. 619, 83 S.E. 738; *Bennett v. R. R., supra; Powell v. R. R.*, 178 N.C. 243; 100 S.E. 424; *Stamey v. Burnsville, supra; Calhoun v. Highway Commission, supra.*

We have no statutory provision and no constitutional provisions imposing liability upon respondent for the acts complained of by petitioners.

Petitioners rely upon *Hiatt v. Greensboro*, 201 N.C. 515, 160 S.E. 748. The holding in that case was that an abutting landowner was entitled to recover compensation for damages resulting from the closing of a street at a railroad crossing. In the instant case, petitioners are seeking to recover damages by reason of respondent raising the grade of an established highway made by it pursuant to lawful authority and for a legitimate highway purpose—a proper exercise of its highway easement, because when respondent acquired the easement on East Bessemer Avenue, the easement thus acquired includes the right to alter the grade in East Bessemer Avenue at any future time, as the public necessity or convenience may require, without any liability to an abutter for the impairment or loss of his easement of access, for the reason that his easement of access is "held subject to public right to make use of the way for travel and other proper highway uses, and anything that would constitute a proper exercise of the highway easement is no infringement of the abutter's rights." Nichols, *ibid.*, p. 370. The public has a paramount right to improve the highway for highway purposes. The holding in the *Hiatt* case conflicts in no way with the holding here, because the facts of the two cases are different, and to the different facts different principles of law apply.

Petitioners also rely upon *Thompson v. R. R., supra.* That case and the instant case are easily distinguishable, and the holding in that case does not conflict at all with the holding here. In the *Thompson* case the railroad raised the elevation of the street, and the evidence dis-

closed that the change in grade was for the benefit of the railroad, and was not a function of the city nor done for the city's benefit. The *Thompson* case in the opinion states:

"When a city acts for public convenience under the authority granted it by the Legislature and raises or lowers the grade of a street, any diminution of access by an abutting property owner is *damnum absque injuria*. The abutting property owner can neither prevent the change by injunction nor recover damages for the diminished value of his property, when the work is done in conformity with plans designed to promote public convenience."

Petitioners rely upon statements in *Sanders v. Smithfield*, 221 N.C. 166, 19 S.E. 2d 630 (a case where the town of Smithfield closed a grade crossing at the intersection of a street in the town with a railroad), and *Hedrick v. Graham*, 245 N.C. 249, 96 S.E. 2d 129 (a case involving the condemnation of land for a limited access highway), to the effect that an abutter's right of access to a public highway is in the nature of an easement appurtenant to his property, and any interference with the easement, which is itself property, is considered *pro tanto*, a "taking" of the property for which compensation must be allowed. Those statements of law are correct where there has been a "taking" in the constitutional sense of an abutter's easement of access, as in the *Hiatt* case by closing a street, but they are not applicable to the facts of the instant case, because, as set forth above, when respondent acquired the public easement on East Bessemer Avenue, the easement thus acquired includes the right to alter the grade as the public necessity and convenience may require, and consequently the change of grade of the highway, which impaired or destroyed petitioners' access to it, is not deemed a "taking" in the constitutional sense so as to require compensation therefor.

In the court below the verdict and judgment will be vacated, and a judgment of compulsory nonsuit entered.

Reversed.